RICHARD LAY,
v.
JAMES LEBLANC, SECRETARY, CHARLES FOTI, ATTORNEY GENERAL, AND THE STATE OF LOUISIANA.
No. 2008 CA 2448.
Court of Appeals of Louisiana, First Circuit.
September 14, 2009.
Not Designated for Publication.
RICHARD B. LAY, Plaintiff-Appellant, Pro-Se.
WILLIAM L. KLINE, Counsel for Defendant-Appellee, Louisiana Department of Public Safety and Corrections.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Richard B. Lay, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, appeals the summary dismissal of his lawsuit pursuant to a screening judgment signed by the district court.
In his petition, Lay claimed that: 1) he was illegally and unconstitutionally convicted for the crime of attempted possession of cocaine; 2) his 20-year sentence imposed pursuant to La. R.S. 15:529.1 is unconstitutional; and 3) the Twenty-Second Judicial District Court (22nd JDC), which tried and sentenced him, lacked jurisdiction to decide the matter due to a pending motion for the trial judge's recusal.
A commissioner with the Nineteenth Judicial District Court (19th JDC)[1] considered Lay's petition and recommended that the court dismiss his lawsuit for lack of subject matter jurisdiction and failure to state a cause of action against the named defendants, James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections; Charles C. Foti, Jr., Attorney General; and the State of Louisiana.[2] On July 15, 2008, the court signed a screening judgment consistent with the commissioner's recommendation. Lay has appealed the screening judgment, urging that the 19th JDC is a court of competent jurisdiction to consider the validity of a judgment from the 22nd JDC. Lay's petition seeks post-conviction relief, and as such is required to be filed in the Parish where he was convicted. La. C.Cr.P. art. 925.[3] Further, any claim of an illegal sentence is required to be adjudicated by the sentencing court or by an appellate court on review of the sentencing court's ruling. La. C.Cr.P. art. 882A.[4] As the commissioner reasoned, the 19th JDC does not have appellate jurisdiction over the validity of sentences of other district courts. Thus, the district court properly determined that it lacked subject matter jurisdiction and properly dismissed Lay's lawsuit.
We therefore affirm the district court's judgment and issue this summary disposition in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(2) and (5). Costs of this appeal are assessed against appellant, Richard B. Lay.
AFFIRMED.
NOTES
[1] See La. R.S. 13:713.
[2] We note that when plaintiff s petition was filed, James D. "Buddy" Caldwell was attorney general rather than Charles C. Foti, Jr.
[3] Louisiana Code of Criminal Procedure article 925 provides. "Applications for post conviction relief shall be filed in the parish in which the petitioner was convicted."
[4] Louisiana Code of Criminal Procedure article 882A provides. "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."